

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 11, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 224

Re: Whether taxes received unde:
Article 666-20d (Mixed Beverage
Tax) are in the State Treasury or
are held in trust for counties and
cities.

Dear Mr. Calvert:

You have requested our opinion concerning whether taxes received un
Article 666-20d (Mixed Beverage Tax) are in the State Treasury or are hel
trust for counties and cities. Section (b) of Article 666-20d Penal Auxiliar
Laws (Texas Liquor Control Act) levys a ten percent gross receipts tax on
the sales and other transactions of mixed beverage permittees and other
specified licensees.

Section (e)(1) provides that the tax be paid to the Alcoholic Beverage
Commission and that "The Commission shall deposit these receipts in the
State Treasury to the credit of a special clearance fund to be known as the
Mixed Beverage Tax Clearance Fund. "

Section (e)(3) provides:

"As soon as possible after receipt of each
quarterly report of the Commission, the Comptroller
shall issue to each county a warrant drawn on the Mixed
Beverage Tax Clearance Fund in the amount of fifteen
percent (15%) of receipts from permittees within the
county during the quarter, and shall issue to each incor-
porated city or town a warrant drawn on that fund in
the amount of fifteen percent (15%) of receipts from
permittees within the incorporated city or town during
the quarter, as shown by the Commission's report.
The remainder of the receipts for the quarter shall be
transferred to the General Revenue Fund. "

We believe that these statutory provisions manifest a clear legislative intent to assign the funds to a trust account to be distributed by the Comptroller in accordance with statutory directions and without further appropriations. A "clearance fund" in business terms is an account used for the "adjustment of debits and credits" (Webster's New World Dictionary, Library and Office Edition, 1973) which denotes the absence of ownership in the holder of the account; moreover, the directions to the Comptroller to first issue a warrant of fifteen percent to the cities and counties and then to transfer the remainder to the general revenue fund, which obviously implies that the money was not previously in the general revenue fund, support our belief. However, the statute does place the funds "in the State Treasury," and ordinarily this requires further appropriation. See Attorney General Opinions H-138 (1973), H-154 (1973).

Your second question, concerning the effect of § 26, Article V, of House Bill 139 (the Appropriations Act, 1973) resolves the situation. Section 26 provides:

"REFUNDS OF DEPOSITS. Any money deposited into the State Treasury which is subject to refund as provided by law shall be refunded from the fund into which such money was deposited, and so much as is necessary for said refunds is hereby appropriated."

Although these funds are in the State Treasury, the cities and counties where the tax originated are owners to the extent of fifteen percent and are entitled to have such amounts refunded. We hold that § 26 accomplishes this and that the monies are appropriated by this provision.

## SUMMARY

Fifteen percent of the Mixed Drink Beverage Clearance Fund established by Article 666-20d (Texas Liquor Control Act) is owned by cities and counties where the tax originated and the Comptroller should

refund such amounts to the cities and counties under
§ 26, Article V, of H.B. 139 (the Appropriations
Act, 1973).

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee